Citation Nr: 1101574 
Decision Date: 01/13/11 Archive Date: 01/20/11

DOCKET NO. 09-32 227 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Los Angeles, 
California


THE ISSUE

Entitlement to a total disability rating for compensation 
purposes based on individual unemployability due to a service-
connected disability (TDIU).


REPRESENTATION

Appellant represented by: Military Order of the Purple 
Heart of the U.S.A.


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

H.J. Baucom


INTRODUCTION

The Veteran had active service from February 1951 to February 
1954. 

This matter comes before the Board of Veterans' Appeals (BVA or 
Board) from an April 2009 rating decision of the Department of 
Veterans Affairs (VA), Regional Office (RO) in Los Angeles, 
California, in which entitlement to individual unemployability 
was denied. 

In December 2010 a videoconference hearing was held by the 
undersigned and the transcript is of record

This appeal has been advanced on the Board's docket pursuant to 
38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 
2002).


FINDINGS OF FACT

1. The Veteran is service connected for post-traumatic stress 
disorder (PTSD) evaluated as 50 percent disabling; bilateral 
depressed metatarsal arches, with callosities, evaluated as 30 
percent disabling; bilateral hearing loss, evaluated as 10 
percent disabling; and noncompensable scars from shrapnel wounds, 
left thigh and back. His combined evaluation is 70 percent, 
effective in December 2006.

2. The evidence establishes that the Veteran has not been 
employed since November 1991 when he retired. 

3. The medical evidence of record demonstrates that the Veteran 
is unemployable due to his service-connected disability. 




CONCLUSION OF LAW

The criteria for TDIU are met. 38 U.S.C.A. §§ 1155, 5103, 5107 
(West 2002 & Supp. 2009); 38 C.F.R. §§ 3.102, 4.16 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Notice and Assistance 

In light of the favorable action taken herein, discussion of 
whether VA has met its duties of notification and assistance is 
not required, and deciding the appeal at this time is not 
prejudicial to the Veteran.

Analysis

Total disability ratings for compensation may be assigned where 
the schedular rating is less than total, when the disabled person 
is unable to secure or follow a substantially gainful occupation 
as a result of service-connected disabilities, provided that, if 
there is only one such disability, this disability shall be 
ratable at 60 percent or more, or if there are two or more 
disabilities, there shall be at least one ratable at 40 percent 
or more, and sufficient additional disability to bring the 
combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 
3.341, 4.16(a). For the purposes of finding one 60 percent 
disability or one 40 percent disability in combination, 
disabilities resulting from a common etiology or a single 
accident will be considered as one disability. 38 C.F.R. § 
4.16(a) (2).

If the total rating is based on a disability or combination of 
disabilities for which the Schedule of Rating Disabilities 
provides an evaluation of less than 100 percent, it must be 
determined that the service-connected disabilities are sufficient 
to produce unemployability without regard to advancing age. 38 
C.F.R. § 3.341(a).

The Veteran meets the schedular requirements for TDIU, as he has 
one disability evaluated at 50 percent, and an overall combined 
evaluation of 70 percent, effective in December 2006. 

The determinative issue, therefore, is whether he is shown to 
have been unable to secure or follow a substantially gainful 
occupation as a result of his service-connected disabilities.

The evidence demonstrates that the Veteran has not been employed 
since November 1991. 
 
The Veteran testified that he took an early retirement in 
November 1991 at his supervisor's suggestion. In the months 
prior to his retirement the Veteran had been experiencing panic 
attacks which caused him to leave meetings to go to the restroom 
with sweats and shakes. He also was having trouble hearing 
people talk in meetings and would have to ask them to repeat 
themselves. The Veteran also reported difficulty walking because 
of his feet problems which caused him to be late for meetings. 
These disruptions caused multiple complaints about his behavior 
and he agreed to retire. 

In a February 2009 VA examination of the feet, the examiner 
opined that due to the Veteran's bilateral foot disability he had 
a limited ability to stand or walk for long periods of time. 

The February 2009 VA examination for PTSD revealed that the 
Veteran continued to evidence signs of PTSD. The Veteran reported 
that his symptoms affect his daily functioning which causes him 
to have few friendships, to be socially isolated and that he is 
easily perturbed by others. He reported recurrent flashbacks and 
nightmares of being in battle and witnessing others killed and 
injured, flashbacks which are triggered by current events. The 
examiner noted the disturbances cause impairment in social and 
occupational functioning. The Veteran reported that his mood is 
so negative he does not want to engage in activities, preferring 
to isolate himself. The examiner concluded that the Veteran has 
difficulty establishing and maintaining effective work/school and 
social relationships because he is withdrawn and prefers to keep 
to himself; therefore he is not a good candidate to engage in 
substantially gainful employment. 

The employment limitations identified by the VA examiner due to 
the Veteran's PTSD disability render the Veteran unemployable. 
Accordingly, entitlement to TDIU is warranted. 


ORDER

TDIU is granted. 



____________________________________________
D. HAVELKA
Acting Veterans Law Judge, Board of Veterans' Appeals




 Department of Veterans Affairs